## STATE OF INDIANA EX REL., DEVRICKS *v.* SWAILS.

### [No. 24,196.   Filed February 28, 1924.]

1. STATUTES.—*Construction.*—*Grammatical Rules.*—A statute should be construed according to the natural and most obvious import of the language, without resorting to subtle and forced constructions, and without strict and critical adherence to technical grammatical rules.   p. 342.

2. SCHOOLS AND SCHOOL DISTRICTS.—*County Superintendent.*—*Qualifications.*—*Statutes.*—Under Acts 1921 p. 131, §6375 Burns' Supp. 1921, amending the act of 1911 (Acts 1911 p. 156, §6378 Burns 1914) so as to increase the qualifications of county superintendents, but providing that nothing therein shall disqualify anyone for election to the office before September 1, 1921, *held* that persons elected before said date, either incumbents or nonincumbents of the office, were only required to have the qualifications prescribed by the act before its amendment, and incumbents of the office who were qualified under the law of 1911, at the time of their prior election, were not disqualified for re-election after that date.   p. 343.

3. STATUTES. — *Amendment of Statute.* — *Reference to Act Amended.*—In Acts 1921 p. 131, §1, §6378 Burns' Supp. 1921, increasing the qualifications of county school superintendents, the second proviso to the effect that the act shall not disqualify any incumbent of the office "who shall have qualified under section 1 of the act amended by this section" is not invalid because of the reference to the former act which had been superseded by the act of 1921, the purpose being not to keep the original section in force, but merely to declare qualification of an incumbent when elected a sufficient qualification for re-election. p. 344.

From Marion Superior Court (A13,430) ; *Linn D. Hay,* Judge.

Action in *quo warranto* by the State of Indiana, on the relation of Robert K. Devricks, against Lee E. Swails.   From a judgment for defendant, the relator appeals.   *Affirmed.*

*Turner, Adams, Merrell & Locke,* for appellant.

*Emsley W. Johnson, Charles Remster, H. H. Hornbrook, Albert P. Smith, Paul Y. Davis* and *Kurt F. Pantzer,* for appellee.

GAUSE, J.—This is a *quo warranto* proceeding brought by the state upon the relation of Robert K. Devricks against the appellee, Lee E. Swails, to contest the right of appellee to the office of county superintendent of schools of Marion county.

The disputed election was held on June 6, 1921.

The complaint was originally in four paragraphs, the first two of which alleged and proceeded upon the theory that there were only eight townships in Marion county on that date, and that relator received the votes of one-half the trustees, and that the auditor of Marion county cast the deciding vote in favor of relator.

The first two paragraphs of complaint were withdrawn by appellant and the question to be decided arises upon the sufficiency of the third and fourth paragraphs of complaint, in each of which it is alleged that there were nine townships in said county.

The court below sustained demurrers to the third and fourth paragraphs of complaint and this ruling is assigned as error.

The third paragraph of complaint alleged in substance that the relator was, on June 6, 1921, and at all times mentioned in the complaint, eligible to be elected and hold the office of county superintendent of schools of said county. That appellee was the duly elected, qualified and acting county superintendent by virtue of an election held in November, 1917, and that his term expired on August 15, 1921. That on June 6, 1921, there were nine townships in said county, and, on said day, all of the trustees of said townships met at the office of the county auditor for the purpose of electing a county superintendent for the term beginning on August 16, 1921. That upon the first ballot five of said trustees voted for appellee and four of said trustees voted for relator. That, at such time, the appellee was not eligible to hold said office or to be elected thereto, for the

reason that said appellee "did not then (June 6, 1921) and does not now, and was not then and is not now, entitled to hold a professional or life license granted upon examination held by the State Board of Education; a life state license granted by the State Board of Education upon a four years standard college course or a four years standard Normal course; a county superintendent's certificate granted without examination by the State Board of Education as a graduate of a four years standard college or a four year standard Normal course; that he did not then and does not now hold, and that he was not then and is not now, entitled to hold, a three years state license or a sixty months license to teach in the high schools of this State." That the five trustees who voted for appellee knew that he was ineligible to hold said office at the time they voted for him. That, after said vote was cast, the county auditor cast a vote for relator, and said auditor, who was acting as clerk of said meeting, recorded the election of relator. It is then alleged that relator gave bond, took the oath of office and demanded possession of said office of appellee, which was refused, and that appellee is unlawfully keeping relator out of possession of said office.

The fourth paragraph contains substantially the same allegations as the third paragraph, except it is alleged that at said election five trustees voted for appellee and only one trustee voted for relator, while three trustees refrained from voting at all, and thereupon said auditor cast a vote for relator.

It is the theory of appellant that, under the facts averred, the appellee was not eligible to hold said office; that this fact was known to the five trustees who voted for him; that their votes being cast for one whom they knew to be disqualified rendered their votes a nullity and that it was the same as if they had not voted at

all; that of the remaining votes cast, relator received a majority and was therefore elected.

Appellee contends that the facts averred do not show him to be ineligible. He also contends that, even if it is shown that he is ineligible, the facts averred show that relator was not elected by a required vote, and therefore he cannot maintain this action.

Relator's whole case rests first upon the proposition that the facts averred show appellee to be ineligible. If he has not shown this, he has no case.

The determination of the question raised involves the construction of §1 of the act of 1921, Acts 1921 p. 131, §6378 Burns' Supp. 1921, and more particularly the last proviso of said section. Said section reads as follows: "No person shall be eligible to or shall hold the office of county superintendent of schools who has not had three years successful teaching experience in public schools and who does not hold at the time of election a professional or life license, granted upon examination held by the state board of education; or a life state license granted by the state board of education upon a four year standard college course or a four year standard normal course; or a county superintendent's certificate granted without examination by the state board of education to a graduate of a four year standard college or a four year standard normal: Provided, That nothing in this act shall apply to disqualify anyone for election to the office of county superintendent of schools before September 1, 1921, who has qualified under section 1 of the act amended by this section, and provided further, that nothing in this act shall apply to disqualify at any time any incumbent of the office of county superintendent who shall have qualified under section 1 of the act amended by this section."

Section 1 of the act amended by the above statute

and referred to therein, was chapter 94 of the Acts of 1911 and was as follows: "That no person shall be eligible to or shall hold the office of county superintendent, who has not been actively engaged in school work for a period of not less than two years out of the ten years next preceding his election, and hold at the time of his election, either three years state license, a sixty months license, a life or professional license, granted upon examination as now provided by law." §6378 Burns 1914, Acts 1911 p. 156.

Appellant claims that under the last proviso of the act of 1921 quoted, an incumbent must, *at the time he may be re-elected,* have the qualifications prescribed in the original act.

Appellee claims that under such proviso, it is only required that an incumbent possessed the qualifications required by the act of 1911 at the time of his former election.

Neither paragraph of complaint alleges that appellee was not qualified to hold such office at the time of his former election, and if the appellee's construction of such statute is correct, then the complaint is insufficient.

The question in dispute turns largely upon the meaning of the clause, "Shall have qualified under section 1 of the act amended by this section."

Appellant insists that the phrase, "shall have" qualified, denotes futurity and must be held to mean that an incumbent shall be qualified when the re-election is held.

A statute should be construed according to the natural and most obvious import of the language, without resorting to subtle and forced constructions, and

1. without strict and critical adherence to technical grammatical rules.

The most obvious import of the language used in the proviso in question is that if an incumbent possessed the qualifications required by the act of 1911 at the time

of his former election, then the act in question 2. does not disqualify him. The phrase "shall have qualified," is in the future perfect tense. This is a tense expressing action *as past*, with reference to a point in the future. Standard Dictionary. Evidently the legislature had in mind not to change the qualifications of those already in office, but to recognize the advantages of experience as equal to the increased qualifications for new officers. Under the last proviso, an *incumbent* is not disqualified, even if he is re-elected after September 1, 1921, the time fixed in said act, for the increased standard of qualifications to take effect, if he shall have qualified under the act of 1911, when elected. The meaning is not the same as if the act provided that it should not apply to an incumbent "who *shall be* qualified under section 1 of the act amended." We think the correct interpretation of the act of 1921 is as follows:

(1) Anyone, not an incumbent, who is elected after September 1, 1921, must hold a life license or a certificate as prescribed in said act, and possess the other qualifications therein set out.

(2) Anyone, not an incumbent, who was elected *prior* to September 1, 1921, must have had, at the time of such election, the qualifications prescribed by the act of 1911. It will be noticed that the first proviso, which relates to elections of new officers before September 1, 1921, uses the present tense, "who has qualified," under the former law.

(3) An incumbent is not disqualified if, at the time he was elected under the law of 1911, he was qualified according to that law.

By this construction we give effect to every clause and provision of the statute in question, while the construction contended for by appellant would render the last proviso inoperative as to elections held before Septem-

ber 1, 1921, as was this election, because, under the construction urged by appellant, the same rule would apply to new officers as to incumbents, if elected prior to September 1, 1921, namely, that, in either case, the one elected must, at that time, have the qualifications of the old law.

We think the act in question required new officers to have those qualifications at the time of the election, and that incumbents must have had those qualifications at the time of their prior election.

In his second point set out in his brief appellant suggests that the last proviso of the act under consideration is invalid, because it refers to an act which

3. has been amended and has therefore ceased to exist. He cites as authority to sustain this proposition cases which hold that when a section of an act is amended, the act as amended is the law and the old section is superseded by the new. The part of the act we are considering does not conflict with this rule.

The first proviso has the effect of fixing the time when the act shall become effective, which is, of course, permissible, and the last proviso does not attempt to keep the old section in effect, but only provides that if the one elected is an incumbent who was qualified when elected, this shall be a sufficient qualification.

The principle appellant refers to has no application to this case.

The only other points set out in appellant's brief relate to the question of relator's election if appellee was not eligible to the office.

We hold that the facts averred in the complaint do not show that appellee was ineligible to the office, and it appearing that he received a majority of the votes of all the trustees, the appellant has not stated a cause of action in either paragraph of complaint.

The judgment is affirmed.